IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARTIN WIES,

                Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security
Administration,

                Defendant.

OPINION and ORDER

22-cv-350-jdp

---

Plaintiff Martin Wies seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that Wies was not disabled within the meaning of the Social Security Act. Administrative Law Judge Erin J. Schmidt (ALJ) originally found that Wies was disabled, but that decision was vacated and an investigation was opened after the agency's Cooperative Disability Investigations Unit issued a report discussing new evidence about Wies's activities of daily living. After considering that report, along with other new evidence, Schmidt reversed her earlier decision.

Wies raises two issues: (1) he didn't have notice that he was "accused of fraud or similar fault," depriving him of due process and violating Social Security rules; and (2) the investigation unit's report didn't provide substantial evidence supporting the denial of disability benefits. For the reasons explained below, neither argument is persuasive, so the court will affirm the commissioner's decision.

BACKGROUND

Wies applied for disability insurance benefits, alleging disability beginning in May 2016, when Wies was in a car accident. R. 42.[1] In a March 2020 decision, the ALJ found that Wies suffered from the following severe impairments: adjustment disorder, anxiety disorder, major depressive disorder, cervical degenerative disc disease with dystonia, right upper extremity pain status post debridement, revision and ulnar nerve transposition, and recession of triceps, right sided fourth crania nerve palsy. R. 195. Based on those impairments, the ALJ found that Wies had the residual functional capacity (RFC) to perform medium work, with the following restrictions:

- only occasional balancing;
- no more than occasional climbing ramps or stairs;
- no more than frequent stooping, crouching, and crawling;
- no climbing ladders, ropes, or scaffolds;
- no fast-paced production work, such as assembly line work, defined as work requiring more than frequent handling, fingering, feeling bilaterally;
- no more than occasional reaching, handling and fingering with the right upper extremity;
- no more than frequent overhead reaching;
- no exposure to potential workplace hazards such as moving machinery or unprotected heights;
- no operation of a motor vehicle required to perform job tasks;
- only occasional reading of printed or electronic material;
- no job tasks involving handling of objects smaller than 3 inches (such as for assembly).

---

[1] Record cites are to the administrative transcript located at Dkt. 7.

R. 196. Relying on the testimony of a vocational expert, the ALJ found that Wies could not perform his past relevant work and that there were no jobs that existed in significant numbers in the national economy that Wies could perform. R. 204–05.

In November 2020, the ALJ vacated the decision in light of a September 2020 report about Wies issued by the investigation unit. R. 213.[2] The report was primarily based on two things: (1) an interview with an unnamed "relative"; and (2) the investigator's own observations of Wies. R. 2009–26. The relative stated that Wies had engaged in the following activities:

- deer hunting
- driving grain trucks and combine tractors
- mowing lawns
- power washing and staining a deck
- scrubbing a garage floor
- walking his dog for two to three miles
- fishing
- installing plumbing
- traveling to Jamaica
- driving to Texas.

Attached to the report are photographs from home cameras showing Wies engaging in some of these activities.

---

[2] The report states that the investigation was opened "because of an allegation of fraud or similar fault that was referred by a third party." R. 2010.

The investigator personally observed Wies driving multiple vehicles, picking up garbage containers and moving them into the garage, walking with a normal gait, and loading and unloading trucks.

The ALJ held a new hearing in April 2021 to consider the findings in the report and any other new evidence. In a June 2021 decision, the ALJ found that Wies suffered from the same severe impairments as in the March 2020 decision. R. 42. There was also substantial overlap between the old and new RFCs, but there were a few differences. Three differences were more restrictive in the new RFC: the ALJ found that Wies could perform only light work (instead of medium work), could only occasionally stoop, crouch, or crawl (instead of frequently), and could reach overhead only occasionally (instead of frequently). The ALJ also included new restrictions for simple, routine tasks and moderate noise.

But the ALJ removed some restrictions too: the new RFC included no restrictions for balancing, driving, or job tasks involving the handling of objects smaller than 3 inches. And the ALJ lessened one restriction: she found that Wies could tolerate frequent reaching, handling, and fingering with the right upper extremity (instead of occasional).

Relying on the testimony of a vocational expert, the ALJ found that Wies was not disabled because he could perform jobs that are available in significant numbers in the national economy, such as classifier, housekeeper, and electrical assembler. R. 66. The Appeals Council declined review. R. 1–7.

Wies now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Wies asserts that the ALJ erred in two ways: (1) failing to give him proper notice of the issues to be considered at the hearing; and (2) failing to support her decision with substantial evidence.

**A. Notice**

Wies says that the commissioner erred by failing to notify him "that fraud would be at issue" at the new hearing. Dkt. 14, at 11. He cites *Giacone v. Schweiker*, 656 F.2d 1238 (7th Cir. 1981), which held that an ALJ deprived a claimant of due process by failing to tell him that the ALJ was considering whether the claimant had shown good cause for making a late request, and 20 C.F.R. § 404.938(b)(1), which states that the "notice of hearing will tell you . . . [t]he specific issues to be decided in your case."

Wies's argument is based on an incorrect premise. The ALJ did not determine in her 2021 decision that Wies committed fraud. Rather, she determined that Wies wasn't disabled within the meaning of the Social Security Act after she evaluated all the available evidence. In assessing Wies's subjective complaints and the medical opinions, the ALJ did consider the investigation report, which included evidence about Wies's activities of daily living. But that is what the ALJ was required to do under agency rules. *See Prill v. Kijakazi*, 23 F.4th 738, 748 (7th Cir. 2022) (citing 20 C.F.R. § 404.1529(c)(3)(i)). Considering inconsistencies in the record is not a finding of fraud; it is simply part of the ALJ's obligation to weigh the evidence.

The ALJ did not violate the Due Process Clause or § 404.938(b)(1). When the ALJ vacated the March 2020 decision, she explained why: "I find good cause for reopening and revisiting the March 25, 2020 Favorable Decision because the Report of Investigation is new and material evidence relevant to your claim." R. 213. In the notice of hearing, the ALJ explained that she would be considering whether Wies was disabled under the Social Security Act, and she invited Wies to submit any new evidence that would be relevant to that determination. R. 316. During the hearing, the ALJ explained further that "we are here primarily because a report came in after an investigation" and that "[t]here are some inconsistencies in that report that need to be addressed to determine whether or not the prior determination is still appropriate." R. 117. After that, Wies had an opportunity to answer questions from his lawyer about that issue or any other, and the ALJ directly asked Wies about the findings in the investigation report. R. 117–39. So Wies had fair notice of the issues that would be addressed during the hearing and in the new decision, and he had a fair opportunity to be heard on those issues.

**B.  Substantial evidence**

Wies's second argument is based on two premises: (1) the ALJ relied entirely on the investigation report to support her 2021 decision; and (2) the investigation report by itself isn't substantial evidence. The first premise is incorrect, so it isn't necessary to consider the second.

To better understand the ALJ's 2021 decision, it is helpful to compare it to the 2020 decision. A review of the earlier decision and the hearing transcript shows that it was a close call whether Wies qualified for benefits in 2020. The ALJ found the medical opinions supporting Wies only partially persuasive for different reasons. R. 201. Some of them were based on temporary conditions postsurgery, some of them were vague, some of them were

primarily about the cause of Wies's injuries rather than his functional limitations, and some of them were inconsistent with treatment notes. R. 202–04. The vocational expert testified that someone with most of Wies's limitations could find full-time work. R. 103–05. It appears that one of the key limitations was occasional reaching, handling, and fingering with the right upper extremity. When the ALJ added that limitation to the hypothetical, the expert said that no jobs would be available. R. 106. In the 2021 decision, the ALJ lessened the restriction on reaching, handling, and fingering with the right upper extremity from occasional to frequent, and that one change may have made the difference. In such a close case, even a small change in the evidence could lead to a different result.

The ALJ's 2021 decision doesn't directly discuss the 2020 decision or explain the differences. But Wies is wrong that the ALJ relied entirely on the investigation report. The ALJ discussed the following new evidence and reasoning in her 2021 decision:

1) There were inconsistencies between the first and second hearing about Wies's ability to drive. For example, during the first hearing, he said he couldn't drive much because of pain, but during the second hearing, he said that he drove long distances, including to Canada and Texas. R. 50–53.

2) Wies's statement during the second hearing that he had "rare good days" was inconsistent with the observations of Wies's relative and the investigator. R. 53.

3) The investigation report was consistent with the "limited objective findings and very limited course of treatment." R. 53.

4) The "extreme limitations" opined by some of the medical sources were often "vague and generalized," were inconsistent with physical examinations, and were inconsistent with the conservative treatment that Wies received. R. 53.

5) Wies's allegations about vision problems were undermined by the investigator's observations of Wies driving and Wies's own testimony that he used his phone for video visits with medical professionals. R. 55.

6) Physical examinations since Wies's last hearing were "unremarkable." R. 56.

7) Wies's allegations about balance problems were inconsistent with examinations showing normal gait and normal balance. R. 56.

8) In November 2020, Wies said that his right upper extremity "was doing quite well," and he had no complaints about his neck or shoulder. R. 57.

9) The new opinion from physician Gurdesh Singh Bedi that Wies suffered from debilitating migraines was vague and inconsistent with Wies's own statements. R. 61–62.

10) The opinion from physician Gregory Lervick on Wies's lifting and reaching limitations was not persuasive as it related to Wies's left upper extremity because Wies went a long period without reporting left-side symptoms, and he received only conservative treatment for his left side. Lervick's right-side limitations were inconsistent with the objective findings, Wies's course of treatment, and Wies's activities, as reflected in the investigation report. R. 62.

Wies doesn't discuss any of these findings in his brief. Instead, Wies summarizes the medical opinions that support a finding of disability, and he says that the investigation report doesn't "adequately contradict" those opinions. Dkt. 14, at 17. That argument is nothing but a request to reweigh the evidence and substitute the court's judgment for the ALJ's, which is not permitted. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022).

The ALJ gave numerous reasons for revising the RFC. Collectively, they provide substantial evidence for the ALJ's findings that Wies did not require restrictions for balancing, driving, or job tasks involving the handling of objects smaller than 3 inches, and that Wies could tolerate frequent reaching, handling, and fingering with the right upper extremity. For example, the physical examinations support the ALJ's finding that Wies did not have limitations in balancing; the investigation report and Wies's own statements support a finding that Wies was not limited in his ability to drive; the observations of the investigator and Wies's own statements support a finding that Wies's vision and ability to manipulate small objects weren't limited; and the observations in the investigation report about Wies's activities of daily

8

living supported a finding that Wies could frequently reach, handle, and finger using his right hand and arm. The physical examinations also support all of these findings.

In his reply brief, Wies raises new arguments for challenging the ALJ's reliance on the investigation report, including that his relative had ulterior motives for making the statements about his activities of daily living, and the report is vague about when the relative observed Wies engaging in the activities, how long he performed the activities, or how extensive the activities were. *See* Dkt. 17, at 3–5. These arguments are forfeited because Wies didn't raise them in his opening brief. *Brown v. Colvin*, 661 F. App'x 894, 895 (7th Cir. 2016). In any event, these arguments represent more requests to reweigh the evidence. The ALJ was entitled to find that the report, Wies's own statements, and the objective evidence supported the changes to the RFC in the 2021 decision.

## ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered August 17, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge